CRICHTON, J.,
additionally concurring.
I concur in the denial of this writ application, because the defendant did not timely object to his sentence, which waives any sentencing claim on appeal. La.Code Crim. P. art. 881.1(D).
I certainly agree with the trial court that the defendant’s crimes call for a substantial sentence commensurate with their horrendous nature. However, I write separately to question the retroactive application of a substantive change in the law to the defendant. The collision in this matter occurred on May 30, 2012. This Court’s decision in State v. Oliphant, 2012-1176, (La.3/19/13), 113 So.3d 165, in which the Court held vehicular homicide to be a crime of violence, was rendered in 2013. Likewise, it was not until 2014 that the Legislature amended La. R.S. 14:2 to add a provision categorizing vehicular homicide as a “crime of violence” when the vehicle operator’s “blood alcohol concentration exceeds 0.20 percent by weight based on grams of alcohol per one hundred cubic centimeters of blood.” La. R.S. § 14:2(B)(46).
Because both the decision in Oliphant and the amendment to the Revised Statute occurred after the collision, the Act should not apply to the defendant. As a substantive change in the law, the classification of vehicular homicide as a “crime of violence” is not retroactive and should only apply prospectively. See La. R.S. 1:2 (“No Section of the Revised Statutes is retroactive unless it is expressly so stated.”); La.Civ.Code art. 6 (“In the absence of contrary legislative expression, substantive laws apply prospectively only.”). See also Church Mut. Ins. Co. v. Dardar, 2013-2351 (La.5/7/14), 145 So.3d 271, 279 (same).